## Herrington v. Puette

*Thomas Agresti,* for plaintiff.
*Eugene Brew,* for defendants.

LEVIN, *J.,* November 18, 1987 — This matter is before the court on plaintiff's motion to quash appeal.

The relevant facts are as follows. Defendant, James Puette, was the tenant of plaintiff, Donald Herrington. Pursuant to a district magistrate hearing, an order was entered in favor of plaintiff/landlord on his ejectment claim. Defendant/tenant timely appealed from the adverse decision. At the time of filing the appeal, defendant took no steps to file an appeal bond in order to obtain a supersedeas as to the judgment of possession. However, approximately 40 to 45 days after the appeal period expired, the appellant posted the requisite bond.

The issue before the court is twofold. The first question to resolve is whether an appeal bond was necessary to perfect the appeal in the instant case. If the answer to that question is in the negative, then the issue becomes, even though the appeal bond is not necessary to perfect an appeal, if the appellant does elect to file same, is he required to do so within the 20-day appeal period?

As to the first issue, the applicable rule of procedure (Pa.R.C.P.D.J. 1005) provides in pertinent part as follows:

"(B) When an appeal is from a judgment for the possession of real property, receipt by the district justice of the copy of the notice of appeal shall operate as a supersedeas *only* if the appellant files with the prothonotary a bond, with surety approved by the prothonotary, conditioned for the payment of any judgment for rent and for damages growing out of occupancy or of injury to the premises rendered against the appellant on appeal." (emphasis supplied)

That rule has been construed by the courts of this commonwealth in the cases of *Ruggiero v. Reid,* 36 D.&C.3d 241 (1985) and *Sweitzer v. Nonemaker,* 14 D.&C.3d 714 (1980). In both of those cases the courts held that where no attempt to obtain a bond has been made, as mandated by Pa.R.C.P.D.J. 1008(b), then the appeal would not operate as a supersedeas. However, the failure to file the appeal bond is not fatal to the actual appeal. This is so inasmuch as the bond is not required by the rules of procedure to perfect the appeal. See Pa. R.C.P.D.J. 1003(a)(b). Rather, the appeal bond is optional and only needed if a supersedeas is requested. Pa. R.C.P.D.J. 1008(b).

Although the failure to file a bond will not be fatal to the appeal, if he wishes a supersedeas the appellant must act expeditiously when electing to file the appeal bond. The appellant must not be allowed to file the bond at his leisure to the prejudice of the landlord prevailing at the district justice level. This is particularly true in light of 42 Pa.C.S. §5105(e) which states in relevant part:

"(e) *Supersedeas* — An appeal shall operate as a supersedeas to the extent and upon the conditions

provided or prescribed by law. *Unless a supersedeas is entered on appeal from an order concerning the validity of a will or other instrument or the right to the possession of or to administer any real or personal property shall suspend the powers or prejudice the acts of the appointive judicial officer, personal representative or other person acting thereunder.*" (emphasis supplied)

Thus, a party prevailing at the district justice level, relying on the aforecited statute, could reasonably expect that when an appeal bond is not filed, the winner could obtain possession of his property in spite of the appeal. As such, it is incumbent upon the appellant to obtain a supersedeas as soon as possible after the appeal is filed but prior to the expiration of the appeal period. Further, if this was not the case, the party seeking the appeal could file a bond at any time, even at the *very moment* possession is taken by the landlord. This is ludicrous.

This situation is analogous to appeals made from the common pleas courts to the appellate courts. In such cases, if the party desires to obtain a supersedeas he must file a bond within the 30-day appeal period. Pa.R.A.P. 1735(A). Certainly, there is no reason to distinguish between appeals taken from a district justice and those taken from a common pleas court.

If the Pennsylvania Supreme Court wanted to allow separate time limits for filing the appeal from the district justice level and the bond, it would have set forth those limits in the rules. Since the Pennsylvania Supreme Court did not do so, then this court must assume it did not intend for there to be different filing time limits.

Based on the foregoing, this court must deny the plaintiff's motion to quash appeal and defendants'

appeal may go forward. However, because the appeal bond was not timely filed and would prejudice the plaintiff, if said bond was considered timely, no supersedeas is deemed to be in effect, and the plaintiff can gain possession of his property.

## ORDER

And now, November 18, 1987, it is hereby ordered, adjudged and decreed that plaintiff's motion to quash appeal is denied and defendant's appeal may proceed. However, no supersedeas is deemed to be in effect and plaintiff is entitled to possession.